UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00695-RJC-DCK

| CHARLITA KASEY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **Order** |
| THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant The Charlotte-Mecklenburg Hospital Authority's (the "Defendant" or "Atrium") Motion for Partial Judgment on the Pleadings (the "Motion") (Doc. No. 13). The Court has also reviewed all associated filings to the Motion and it is now ripe for consideration. For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

According to the Complaint, in 2016 Plaintiff was hired by Defendant as a Lead Material Associate. (Doc. No. 1 ¶ 7). In September 2016, Plaintiff expressed interest in the position of Coordinator/Inventory Quality Control, after another employee holding the position was terminated. (*Id.* ¶¶ 8-9). Soon after, Plaintiff began completing the job duties of the Coordinator/Inventory Quality Control along with her original duties. (*Id.*). After numerous requests for the promotion to be reflected in her job title, Plaintiff was informed by Carolyn Sly ("Sly"), an Atrium Director, that her title would not change. (*Id.* ¶¶ 10-12).

In March 2017, Sly asked Plaintiff to take the role of Operations Coordinator when the employee previously in that position retired. (*Id.* ¶¶ 14-15). However, Sly informed Plaintiff that her title would remain Lead Material Associate. (*Id.* ¶ 16). This resulted in additional responsibilities, but Plaintiff did not receive an increase in pay. (*Id.* ¶ 17). Plaintiff excelled in the new position, but Sly told her that upper management would not allow her to have the position. (*Id.* ¶ 19).

Later, in June 2018, Plaintiff learned that previously her male co-worker received the title change from Lead Material Associate to Coordinator/Inventory Quality Control and a pay increase, but his duties did not change. (*Id.* ¶¶ 23-25). Additionally, the male employee had numerous infractions, but was never disciplined. (*Id.* ¶¶ 34-36). On the other hand, at the same time, Plaintiff's job duties increased, but her title did not change and she did not receive increased pay. (*Id.*). Plaintiff asked management for an explanation and was "not given a fair answer." (*Id.* ¶ 24). Plaintiff then requested a pay increase from Sly, but was told she would not get one because of budget cuts. (*Id.* ¶¶ 27-28). Plaintiff was told she could have a Material Coordinator position and was directed to begin taking on additional responsibilities, without increased pay. (*Id.* ¶ 29). Afterwards, Plaintiff's supervisor lodged a corrective action against Plaintiff for complaining about her pay. (*Id.* ¶ 31). Her supervisor also told her she could no longer move into the Material Coordinator position because she complained about her pay, but he still expected her to continue with the additional responsibilities. (*Id.* ¶ 32).

On October 12, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation (the "First Charge of Discrimination"). (*Id.* ¶ 39). The First Charge of Discrimination alleges the following:

> I. Most recently, I have been employed by the above employer since May 2016 as a Lead Material Associate. Around September 2016, the Coordinator/Inventory Quality Control employee was discharged. I assumed the Coordinator job duties along with my original Lead Material Associate job duties. I was informed by management that there would be no changes to my job title or pay. In June 2018, I learned that my male counterpart, who was previously also a Lead Material Associate, was classified as a Coordinator/Inventory Quality Control. I questioned management regarding why this white male was under the Coordinator title and pay when he was only doing Lead Material Associate job duties while I was doing both Coordinator job duties and Lead Material Associate job duties. I was not given any fair justification. I am aware of other male Coordinators who are being compensated solely based on their job title rather than the job duties being performed. I believe I am being unfairly compensated compared to my male counterparts who have less job duties than me.
>
> II. In July 2018, I participated in a co-worker's sexual harassment complaint against our manager. Since my complaint and my participation in a sexual harassment complaint, my manager started falsifying my timecards which negatively affected my pay. Starting in September 2018, I was denied the ability to work overtime. On September 10, 2018, I was transferred to a new location which Resulted in an increased commute. I was then written up for tardiness for the first time on October 4, 2018. 1 have not received any previous discipline throughout my employment.
>
> III. I believe I am being discriminated against based on my sex (female) and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. No. 7-1). After filing the First Charge of Discrimination, Plaintiff was subjected to multiple disciplinary actions and her supervisor began falsifying her timecards to make it appear that she violated the attendance policy. (*Id.* ¶ 40). Plaintiff was terminated on December 11, 2018. (*Id.* ¶ 41). Sly indicated Plaintiff was terminated because of her performance, but Plaintiff did not have performance or disciplinary issues until she raised her pay disparity concern, participated in a co-worker's sexual harassment complaint, and revealed she filed a charge of discrimination with the EEOC. (*Id.* ¶¶ 43-44).

On December 13, 2018, Plaintiff filed a second EEOC Charge of Discrimination (the "Second Charge of Discrimination") (together with the First Charge of Discrimination, the "EEOC

Charges of Discrimination"). (*Id.* ¶ 42). The Second Charge of Discrimination alleges the following:

> After filing EEOC Charge of Discrimination 430-2019-00101 against my former employer on October 12, 2018, I was subjected to multiple disciplinary actions and discharged on December 11, 2018.
>
> The reason provided for my discharge by Carolyn Sly, Director, was performance. However, I had no performance issues or disciplinary actions against me until after I participated in a coworker's sexual harassment complaint and I alleged and filed a complaint of discrimination.
>
> I believe I have been discriminated against based on my sex (female) and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. (Doc. No. 7-2).

Thereafter, Plaintiff filed this action on December 14, 2020 bringing claims for (1) violation of Title VII for sex discrimination for failing to promote her to the position of Operations Coordinator and/or Coordinator/Inventory Quality Control; and (2) violation of Title VII for retaliation for raising her concerns with the pay disparity and for her First Charge of Discrimination. Defendant filed its Motion for Partial Judgment on the Pleadings asserting Plaintiff is procedurally barred from bringing her Title VII failure to promote claim because it exceeds the scope of the allegations asserted in her EEOC Charges of Discrimination.

## II. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss brought under Rule 12(b)(6). *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). In examining a motion for judgment on the pleadings, a court must accept all well-pleaded factual allegations as true and should view the complaint in a light most favorable to the non-movant, drawing reasonable inferences in its favor.

*Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R. Civ. P. 10(c) ("[A]n exhibit to a pleading is part of the pleading for all purposes."). Judgment on the pleadings may be granted when the undisputed facts show that the moving party is entitled to judgment as a matter of law. *Bradley v. Ramsey*, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004).

## III. DISCUSSION

Before a plaintiff may file a lawsuit alleging violations of Title VII, "she must first exhaust administrative remedies by filing a timely charge with the EEOC." *Iannucci v. Rite Aid Corp.*, No. 1:11cv281, 2012 WL 1898914, at *3 (W.D.N.C. May 24, 2012). The allegations contained in the administrative charge of discrimination operate to limit the scope of litigation such that a subsequent complaint must correspond to the allegations set forth in the administrative charge. *Iannucci,* 2012 WL 1898914*, at* *3. Specifically, a civil action is confined by the scope of the administrative investigation "that can reasonably be expected to follow the charge of discrimination." *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002). "In other words, [i]f a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005) (quotations and citations omitted). "[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Sydnor*, 681 F.3d at 593 (quotations omitted).

> For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex. A claim will also typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits.

*Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005) (citations omitted).

When applying these principles, EEOC charges are to be liberally construed and "strike a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Sydnor*, 681 F.3d at 594; *Cunningham v. Wells Fargo N.A.*, No. 3:19-cv-00528-FDW, 2020 WL 5300843, at *7 (W.D.N.C. Sept. 4, 2020).

Here, when liberally construing Plaintiff's EEOC Charges of Discrimination, the Court finds Plaintiff's First Charge of Discrimination is reasonably related to her failure to promote claim to the extent Plaintiff brings such claim for the 2016 Coordinator/Inventory Quality Control position. The thrust of Plaintiff's First Charge of Discrimination is disparate pay when she assumed the job responsibilities of Coordinator/Inventory Quality Control, without the associated title and pay – or promotion – for which she later learned a male colleague received. While the First Charge of Discrimination does not indicate that Plaintiff applied for the position nor does it specifically state that she was not promoted to the position, Plaintiff's allegations are sufficiently reasonable related to her claim. It is reasonably expected that an investigation of Plaintiff's allegations would lead to the facts that she expressed interest in the Coordinator/Inventory Quality Control position and requested on numerous occasions to be promoted to the position but was denied. Therefore, Defendant's Motion will be denied to the extent Plaintiff's failure to promote claim is based on the Coordinator/Inventory Quality Control position.

However, to the extent Plaintiff brings her failure to promote claim based on the Operations Coordinator position, the Court concludes such claim does not reasonably follow from Plaintiff's EEOC Charges of Discrimination. The allegations related to the Operations Coordinator position involved a different position, different time frame, and different conduct and allegations. The EEOC Charges of Discrimination do not reference the relevant time period, the position, or otherwise give any reasonable notice that Plaintiff was alleging she was discriminated against when not promoted to the Operations Coordinator position. Plaintiff failed to exhaust her administrative remedies as it relates to such claim. Therefore, Defendant's Motion will be granted to the extent Plaintiff's failure to promote claim is based on the Operations Coordinator position.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings (Doc. No. 13) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's Motion is denied to the extent Plaintiff's failure to promote claim is based on the Coordinator/Inventory Quality Control position. Defendant's Motion is granted to the extent Plaintiff's failure to promote claim is based on the Operations Coordinator position.

Signed: January 31, 2022

Robert J. Conrad, Jr.
United States District Judge